**Paul Lanakila CAMPOS,
Plaintiff—Appellant,**

v.

**UNITED STATES of America,
Defendant—Appellee.**

No. 08–16442.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2010.[*]

Filed March 3, 2010.

Paul Lanakila Campos, Honolulu, HI, pro se.

Edric Ming–Kai Ching, Assistant U.S., USH—Office of the U.S. Attorney, Honolulu, HI, for Defendant–Appellee.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

### MEMORANDUM [**]

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provid-

Paul Lanakila Campos appeals pro se from the district court's summary judgment for defendant in his Federal Tort Claims Act action arising from a slip and fall injury. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bolt v. United States*, 509 F.3d 1028, 1031 (9th Cir.2007). We affirm.

The district court properly granted summary judgment for defendant because Campos failed to raise a genuine issue of material fact as to whether defendant had notice of an unsafe condition or defect. *See id.* ("Even when the injury occurs on federal property, the finding of negligence must be based upon state law.") (citation and internal quotation marks omitted); *Harris v. State*, 1 Haw.App. 554, 623 P.2d 446, 448 (Haw.1981) (explaining that negligence liability cannot be imposed where there is no actual or constructive notice of the unsafe condition or defect).

We do not consider evidence raised for the first time on appeal. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir.1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Campos's remaining contentions are unpersuasive.

**AFFIRMED.**

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.